| | |
|---|---|
| NAKIA HUDSON,<br><br>   Plaintiff,<br><br>STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES,<br><br>   Involuntary Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.,<br><br>   Defendant. | Case No.:   2:26-cv-665<br><br><br>**DEFENDANT HOME DEPOT, U.S.A., INC.'S NOTICE OF REMOVAL** |

Defendant Home Depot U.S.A., Inc. (referred to herein as "Home Depot"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, by this Notice hereby removes this action from the District Court of Milwaukee County, Wisconsin to the United States District Court for the Eastern District of Wisconsin.   As explained below, this Court has jurisdiction under 28 U.S.C. § 1332 and 1441 et. seq.  Complete diversity of citizenship exists between Plaintiff and Home Depot, and it is evident from the Complaint, and upon information and belief, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. The State Court Action

Plaintiff Nakia Hudson commenced a civil action captioned *Nakia Hudson v. Home Depot U.S.A., Inc.,* in the Circuit Court of Milwaukee County, Wisconsin, Case

No. 2026CV001716, by serving a Complaint dated February 26, 2026 on Home Depot's registered agent on March 20, 2026 (the "State Court Action"). A copy of the following process, pleadings, and orders attached hereto as **Exhibit A** constitute all served or filed to date in the State Court Action:

- Electronic Filing Notice to State of Wisconsin Department of Health Services

- Electronic Filing Notice to Home Depot U.S.A., Inc.

- Plaintiff's Summons and Complaint

- Affidavit of Service – Home Depot U.S.A., Inc.

- Affidavit of Service – State of Wisconsin Department of Health Services

- Electronic Notice Status Change

- Notice of Retainer - Appearance of Attorney Sarah Thomas Pagels for Defendant Home Depot U.S.A., Inc.

There are no pending motions that would require action by this Court after removal. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is also being served upon counsel for Plaintiff, and a copy is being filed with the Circuit Court of Milwaukee County.

In the State Court Action, as set forth in the Complaint, Plaintiff claims she sustained personal injuries on or about May 5, 2025, when she fell at a Home Depot retail store located in Wauwatosa, Wisconsin. (Plaintiff's Complaint, ¶ 7). Plaintiff claims that Home Depot was negligent and seeks compensation for her injuries and damages.

## II. REMOVAL IN THIS CASE IS PROPER

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

a.  **Complete diversity exists**: The following statements were true on <u>both</u> the date that Plaintiff filed her Complaint (February 26, 2026) and the date that Home Depot filed its notice of removal (April 16, 2026):

1.  Plaintiff Nakia Hudson is a citizen of the State of Wisconsin. (Plaintiff's Complaint, ¶ 1).

2.  Involuntary Plaintiff State of Wisconsin Department of Health Services is a citizen of the State of Wisconsin. (Plaintiff's Complaint, ¶ 2).

3.  Defendant Home Depot USA Inc. is incorporated in the State of Delaware, with its principal place of business is in the State of Georgia. (Plaintiff's Complaint ¶ 3).

b.  **The amount in controversy exceeds $75,000.00**.  Based on the content of Plaintiff's Complaint, and upon information and belief, Home Depot believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.  Specifically, Plaintiff claims that she has sustained, and/or will sustain in the future, medical expenses, lost income and other damages.  (See Plaintiff's Complaint, ¶ 22).  In pre-suit correspondence, Plaintiff's counsel has alleged that Plaintiff suffered "significant and permanent limitations" related to injuries to her neck, spine, and ribs, and necessitating over $51,000.00 in medical bills.  Plaintiff also demanded in pre-suit correspondence more than two times the requisite amount in controversy.

3

c. **No consent is required.** Since the only Defendant in this case is filing the removal papers, (Home Depot U.S.A. Inc.), no consent is required. 28 U.S.C. § 1446(b)(2)(A).

d. **Removal is timely.** This removal is timely filed within 30 days of service of the complaint on Home Depot on March 20, 2026.

e. **Venue is proper.** Venue is proper in the Eastern District of Wisconsin because the Plaintiff filed her Complaint in the Circuit Court of Milwaukee County, Wisconsin. 28 U.S.C.§ 1441(a); 28 U.S.C. § 130(b).

WHEREFORE, Defendant, Home Depot U.S.A., Inc. hereby removes the State Court Action to this Honorable Court.

**LEDERER WESTON CRAIG PLC**

Benjamin M. Weston (WIED Bar No. 9704)
4401 Westown Parkway, Suite 212
West Des Moines, Iowa  50266
Phone:  (515) 224-3911
Fax:  (515) 224-2698
E-mail:  bweston@lwclawyers.com

**LAFFEY, LEITNER, & GOODE LLC**
Sarah Thomas Pagels (WI State Bar No. 1062162)
325 East Chicago Street, Suite 200
Milwaukee, Wisconsin  53202
Phone: (414) 312-7003
Fax: (414) 755-7089
E-mail:  stpagels@llgmke.com

***ATTORNEYS FOR HOME DEPOT, INC***.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2026, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Eastern District of Wisconsin, using the ECF system which will send notification of such filing to the following:

Anton Ragozin
SOBO & SOBO, LLP
One Dolson Avenue
Middletown, NY  10940
E-mail:  aragozin@sobolaw.com
*ATTORNEY FOR PLAINTIFF NAKIA HUDSON*

I certify under penalty of perjury that the foregoing is true and correct.  Executed April 16, 2026, in West Des Moines, Iowa.

5